## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 16-21-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| ARIANE LATRAY, | |
| Defendant. | |

### I.  Synopsis

Defendant Ariane Latray (Latray) has been accused of violating the

conditions of her supervised release.  Latray admitted all of the alleged violations.

Latray's supervised release should be revoked.  Latray should be placed in custody

for 3 months, with 21 months of supervised release to follow.   Latray should serve

the first 60 days of supervised release in a secure inpatient drug treatment facility.

Latray should serve up to the next 180 days of supervised release in a residential

re-entry center as directed by her probation officer.

### II.  Status

Latray pleaded guilty to Voluntary Manslaughter on January 18, 2017.

(Doc. 61).  The Court sentenced Latray to 72 months of custody, followed by 2

years of supervised release.  (Doc. 72).  Latray's current term of supervised release began on April 21, 2021.  (Doc. 77 at 1).

**Petition**

The United States Probation Office filed a Petition on June 14, 2021, requesting that the Court revoke Latray's supervised release.  (Doc. 77).  The Petition alleged that Latray had violated the conditions of her supervised release: 1) by using methamphetamine on three separate occasions; and 2) by consuming alcohol.

**Initial appearance**

Latray appeared before the undersigned for her initial appearance on July 15, 2021.  Latray was represented by counsel.  Latray stated that she had read the petition and that she understood the allegations.  Latray waived her right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on July 15, 2021.  Latray admitted that she had violated the conditions of his supervised release: 1) by using methamphetamine on three separate occasions; and 2) by consuming alcohol.  The violations are serious and warrant revocation of Latray's supervised release.

2

Latray's violations are Grade C violations. Latray's criminal history category is I. Latray's underlying offense is a Class C felony. Latray could be incarcerated for up to 24 months. Latray could be ordered to remain on supervised release for up to 24 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III.  Analysis

Latray's supervised release should be revoked. Latray should be incarcerated for 3 months, with 21 months of supervised release to follow. This sentence is sufficient but not greater than necessary. Latray should serve the first 60 days of supervised release in a secure inpatient drug treatment facility. Latray should serve up to the next 180 days of supervised release in a residential re-entry center as directed by her probation officer.

## IV.  Conclusion

The Court informed Wagner that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Latray of her right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Latray that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> Ariane Latray violated the conditions of her supervised release: by using methamphetamine on three separate occasions; and by consuming alcohol.

The Court **RECOMMENDS:**

> The District Court should revoke Latray's supervised release and commit Latray to the custody of the United States Bureau of Prisons for 3 months, with 21 months of supervised release to follow. Latray should serve the first 60 days of supervised release in a secure inpatient drug treatment facility. Latray should serve up to the next 180 days of supervised release in a residential re-entry center as directed by her probation officer.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the

Findings and Recommendations within 14 days of their entry, as indicated on the

Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district court judge will

make a de novo determination regarding any portion of the Findings and

Recommendations to which objection is made. The district court judge may

accept, reject, or modify, in whole or in part, the Findings and Recommendations.

Failure to timely file written objections may bar a de novo determination by the

district court judge, and may waive the right to appear and allocute before a

district court judge.

DATED this 19th day of July, 2021.

John Johnston
United States Magistrate Judge